Filed 1/24/23  P. v. McPherson CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>PATRICK JEROME McPHERSON,<br><br>        Defendant and Appellant. | C093340<br><br>(Super. Ct. No. 11F05321) |

Defendant Patrick Jerome McPherson, along with accomplices Patrick Joseph Godines and Travis Monrow Mabson, were all convicted of felony murder, attempted robbery, and burglary after their attempt to rob Michael Sanderson in his apartment ended in Sanderson's death.  In 2019, defendant filed a petition for resentencing pursuant to Penal Code[1] section 1172.6.[2]  The trial court denied the petition on the basis that

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     Effective June 30, 2022, former section 1170.95 was renumbered as section 1172.6 without substantive change in text.  (Stats. 2022, ch. 58, § 10.)  Although

1

defendant was ineligible for relief as a matter of law.  Defendant appealed, arguing he demonstrated prima facie entitlement to relief, and that the trial court should have issued an order to show cause and conducted an evidentiary hearing.  We found no error and affirmed.

Our Supreme Court granted review but deferred further action pending disposition in *People v. Strong* (2022) 13 Cal.5th 698.  Following its decision in *Strong*, our Supreme Court transferred this matter back to us with direction to vacate our decision and reconsider in light of *Strong*.  We now conclude defendant demonstrated prima facie entitlement to relief, and that the trial court should have issued an order to show cause and conducted an evidentiary hearing.  Accordingly, we reverse the order denying defendant's petition for resentencing and remand the matter for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

For the reasons detailed in our discussion, we need not provide considerable detail of the factual background of defendant's crime.

In 2011, defendant arranged for his friend Jeanette Campbell to strip for Sanderson to help him with a robbery, and Campbell asked her friend Aubry Toews to help her be a distraction.  (*People v. McPherson* (July 25, 2018, C078601) [nonpub. opn.].)  Defendant, Godines, and Mabson arrived at the apartment complex after the women entered the apartment.  Defendant texted Toews to let her know they were waiting.  Eventually, Toews went outside Sanderson's apartment to signal the men that it was time for the robbery to occur.  Defendant was driving, so he waited in the car while Godines and Mabson went to the apartment.  Godines had a gun.  (*Ibid.*)

After entering the apartment, Godines opened the door to the bedroom where Campbell was dancing for Sanderson and turned on the lights.  (*People v. McPherson*,

defendant filed his petition under former section 1170.95, we will refer to the current section 1172.6 in this opinion.

*supra*, C078601.)  He pointed a gun at Sanderson and demanded to know where Sanderson kept his money.  Sanderson moved toward the door and Godines fatally shot Sanderson in the chest.  Godines then told Campbell to "[f]ind the money" before he ran out of the apartment.  Campbell also ran out of the apartment and followed Godines and Mabson to the car.  (*Ibid.*)

Defendant was charged with murder, the allegation of being armed with a firearm at the time of the murder, special circumstances of robbery and burglary during the murder, attempted robbery, the allegation of being armed with a firearm at the time of the robbery, burglary, and the allegation of being armed with a firearm at the time of the burglary.  A jury found defendant guilty of all charges, including the special circumstances.  The jury instructions provided that in order to find the special circumstances true, the jury must find that although defendant was not the actual killer, he acted with intent to kill, or:  "1.  The defendant's participation in the crime began before or during the killing;  [¶]  2.  The defendant was a major participant in the crime; [¶]  AND  [¶]  3.  When the defendant participated in the crime, he acted with reckless indifference to human life."  (See CALCRIM No. 703.)  Defendant was sentenced to life without the possibility of parole.

In 2019, defendant filed a petition for resentencing pursuant to section 1172.6.  After appointing counsel and receiving briefing, the trial court denied the petition on the basis that the jury found true the special circumstances, and "necessarily found that defendant . . . either was the actual killer, intended to kill, or was a major participant who acted in the robbery and burglary with reckless indifference to human life, as the jury was specifically instructed with the 2008 version of CALCRIM No. 703."  The trial court noted that if defendant wanted to determine the sufficiency of the evidence of the special-circumstances findings in light of *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522, he would need to file a habeas corpus petition.

3

DISCUSSION

I

*Applicable Law*

Senate Bill No. 1437 (2017-2018 Reg. Sess.), effective January 1, 2019, revised the felony-murder rule in California "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill amended the definition of malice in section 188, revised the definition of the degrees of murder to address felony-murder liability in section 189, and added now section 1172.6, "which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in the law would affect their previously sustained convictions." (*People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 417, citing Stats. 2018, ch. 1015, §§ 2-4.)

Section 1172.6, subdivision (a) states that a person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court for resentencing "when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder. [¶] (3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."

Section 1172.6, subdivision (b) requires the petitioner to submit a declaration that avers eligibility for relief under the statute (based on the requirements of subdivision (a))

4

and states the superior court case number, the year of conviction, and whether petitioner requests appointment of counsel. Section 1172.6, subdivision (c), which dictates how the court must handle the petition, reads: "After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so."

Section 1172.6, subdivision (d)(1) provides that a hearing to determine whether to vacate the murder conviction, recall the sentence, and resentence the petitioner as needed should be held within 60 days after the order to show cause. The prosecution bears the burden of proving beyond a reasonable doubt that the petitioner is ineligible for resentencing. (§ 1172.6, subd. (d)(3).) At the hearing, "[t]he admission of evidence in the hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed. The court may also consider the procedural history of the case recited in any prior appellate opinion. However, hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of Section 872 shall be excluded from the hearing as hearsay, unless the evidence is admissible pursuant to another exception to the hearsay rule. The prosecutor and the petitioner may also offer new or additional evidence to meet their respective burdens." (*Ibid.*)

II

*Special Circumstances After* Banks *And* Clark

Section 190.2, subdivision (d) provides that special-circumstance findings based on the enumerated felonies in paragraph (17) of subdivision (a)—which includes robbery and burglary—require that an aiding and abetting defendant must have been a "major

5

participant" and have acted "with reckless indifference to human life." (See *Banks*, *supra*, 61 Cal.4th at p. 798.) Thus, on its face, a special-circumstance finding satisfies the requirements for accomplice murder liability even after Senate Bill No. 1437. (See § 189, subd. (e) [providing where "[a] participant in the perpetration" of a robbery "in which a death occurs is liable for murder" if proven to have been "a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2"].) Since defendant's conviction, however, our Supreme Court has refined the analysis for determining who qualifies as a major participant acting with reckless indifference to human life in *Banks*, *supra*, 61 Cal.4th 788 and *People v. Clark*, *supra*, 63 Cal.4th 522.

In *Banks*, *supra*, 61 Cal.4th at page 803, our Supreme Court identified a series of considerations, none of which are "necessary, nor is any one of them necessarily sufficient," for determining whether a defendant was a major participant. These include the defendant's role in planning the crime and in "supplying or using lethal weapons"; the defendant's awareness of "particular dangers posed by the nature of the crime"; whether the defendant was "present at the time of the killing, in a position to facilitate or prevent the actual murder"; whether the defendant's own "actions or inaction play[ed] a particular role in the death," and what the defendant did after lethal force was used. (*Ibid*.)

Similarly, in *People v. Clark*, *supra*, 63 Cal.4th at page 617, the Court found "reckless indifference" to "encompass[] a willingness to kill (or to assist in another killing) to achieve a distinct aim." It provided a nonexhaustive list of factors to consider in making this determination, including use or awareness of the presence of a weapon or weapons, physical presence at the scene and opportunity to restrain confederates or aid victims, duration of the crime, knowledge of any threat the confederates might represent, and efforts taken to minimize risks. (*Id*. at pp. 618-623.)

In *Strong*, the Supreme Court addressed the impact of *Banks* and *Clark* on section 1172.6 petitions for defendants with special-circumstance findings. The Court

6

found "*Banks* and *Clark* both substantially clarified the law governing findings under Penal Code section 190.2, subdivision (d)" as they "represent the sort of significant change that has traditionally been thought to warrant reexamination of an earlier-litigated issue." (*People v. Strong*, *supra*, 13 Cal.5th at pp. 706, 717.) Thus, prior special-circumstance findings made before *Banks* and *Clark* "do not preclude a defendant from making out a prima facie case for relief under Senate Bill [No.] 1437. This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*Strong*, at p. 710.) A defendant with a special circumstance who files a section 1172.6 petition may ultimately be found to be ineligible for relief, but it must be determined beyond a reasonable doubt the defendant was a major participant who acted with reckless indifference to human life under the *Banks/Clark* analyses. (*Strong*, at p. 720.) Though a special-circumstance finding may be challenged through a habeas corpus petition, "nothing in section 1172.6 says that a defendant *must* always do so before seeking resentencing." (*Strong*, at p. 713.)

### III

*Defendant Is Entitled To Relief*

Defendant contends the trial court erred in denying his petition because he was convicted prior to *Banks* and *Clark*. He argues he should be allowed to litigate the elements of special circumstances felony murder under the "new" standard, and that the law allows him to do so pursuant to a section 1172.6 petition. Given our Supreme Court's holding in *Strong*, we agree. Although the requirements for the felony-murder special circumstance did not change as a part of Senate Bill No. 1437, defendant is not barred from making a prima facie case for relief based on the pre-*Banks/Clark* special-circumstance finding and was not required to first challenge the finding via habeas corpus proceedings. (*People v. Strong*, *supra*, 13 Cal.5th at pp. 710, 713.) The trial court's statements to the contrary are inconsistent with section 1172.6 as clarified by *Strong*, and it was thus error to deny the petition on that ground.

Accordingly, we reverse the trial court's order denying the petition and remand for the trial court to issue an order to show cause and hold an evidentiary hearing.

DISPOSITION

The order denying defendant's petition for resentencing is reversed and the matter is remanded for further proceedings consistent with section 1172.6, subdivision (c).

/s/
Robie, Acting P. J.

We concur:

/s/
Mauro, J.

/s/
Duarte, J.

8